LAMB, COUNTY SUPERINTENDENT OF EDUCATION, *v.* MORGAN
*et al.*[*]

(Division A. Feb. 25, 1929.)

[120 So. 745. No. 27747.]

*Corpus Juris-Cyc. References: Schools and School Districts, 35Cyc, p. 833, n. 88; p. 835, n. 93; p. 843, n. 37.

*Will E. Ward,* for appellant.

666

*McClellan & Tubb,* for appellees.

COOK, J. The appellees, trustees and patrons of the Macedonia school district in Oktibbeha county, filed a petition in the circuit court against the superintendent of education of that county seeking the issuance of a writ of mandamus to compel the appellant to employ and contract with certain teachers who had been elected by the board of trustees of said district, or to forthwith employ and contract with some other lawfully qualified and licensed teachers to teach the said Macedonia school for the session of 1928-29. To this petition the appellant filed an answer, and by agreement the cause was tried before the judge, in vacation, on an agreed statement of facts, and a judgment was entered granting the prayer of the petition, and from this judgment the appellant prosecuted this appeal.

From the agreed statement of facts it appears that the Macedonia school district is a lawfully established school district of said county, which has been in existence and recognized as such for over twenty years, and that

a school was conducted in the schoolhouse in said district for the session of 1927-28, being taught by two teachers. In April, 1928, the board of trustees of said school elected teachers for the session of 1928-29 and contracted with them as such, but failed to notify the county superintendent of education of such election within the time required by law. Thereafter proper demand was made upon the superintendent of education to contract with the teachers so elected, or with some other qualified and licensed teachers to teach such school for the session of 1928-29, but he refused so to do.

It was further agreed that, at a meeting of the county school board on May 26, 1928, two petitions were presented; one to consolidate the Cross Roads Line school district and the Macedonia school district, and the other to annex the Macedonia school district to the Sturgis consolidated school district. On June 2, 1928, the school board adopted an order reciting that the petition to annex the said district to the Sturgis consolidated school district contained a majority of the qualified electors and patrons, and directing that the territory comprising the Macedonia school district be added to the Sturgis consolidated school district. This order was not certified to the board of supervisors of the county, and no election was called or held for the purpose of determining whether a majority of qualified electors of the district desired to be annexed to the Sturgis consolidated school district.

It was further agreed that there were forty-five white children of school age residing in the Macedonia school district; that the county superintendent had not employed any teachers for that district, and had made no provision for the education of the children of said district except in the Sturgis consolidated school; that the Sturgis consolidated school district has no bonded indebtedness, and has been organized and conducted as a consolidated school for more than one year, and has levied a tax on the prop-

erty of said district of thirteen mills for the maintenance of said school and the transportation of pupils; that the order hereinbefore referred to was the only order of the school board or of the board of supervisors touching or affecting the Macedonia school district; that when said order was passed there was before the school board no petition from a majority of the qualified electors of the Sturgis consolidated school district asking or permitting the Macedonia school district to be annexed to the said consolidated school district, but such a petition was filed with the county superintendent of education on July 10, 1928. The residence and official capacity of the respective parties, as alleged in the petition for mandamus, was admitted.

The court below held that chapter 198, Laws of 1922, was not repealed by chapter 283, Laws of 1924, commonly called the School Code; that neither chapter 283, Laws of 1924, nor any of the subsequent acts of the legislature, provide a scheme or method whereby territory adjacent to a consolidated school district can be added to such district where the district has no outstanding indebtedness, and that the only method and scheme for adding such territory to a consolidated school district which has no outstanding indebtedness is that provided by chapter 198 of the Laws of 1922, and therefore that the order of the county school board purporting to add the Macedonia school district to the Sturgis consolidated school district was void, and that the said Macedonia school district still existed as a legally organized rural school district in which a school should be conducted, and for which teachers should be employed.

Chapter 198, Laws of 1922, provides generally for adding territory to an adjoining consolidated school district. Under this chapter the county school board, upon a petition being presented to it by a majority of school patrons residing within the territory proposed to be added, was

required to enter an order on its minutes making such, territory a part of the consolidated school district, upon compliance with the provisions of the act. This order was required to be certified to the board of supervisors of the county, whose duty it then was to order an election to be held at some public place in the territory proposed to be added, at which election there should be submitted to the qualified electors residing in such territory, the question of whether or not they should become a part of said district, and the lands and property within the boundaries of the said proposed addition should be taxed for its proportionate share of the total bonded indebtedness of the existing district, and taxed for its proportionate share of the expenses of maintaining the said consolidated school and for the transportation of pupils.

In the case at bar, counsel for the appellant concedes, that no attempt was made to comply with the provisions of this Act of 1922, but he argues at length and very persuasively that chapter 198, Laws of 1922, was repealed by chapter 283, Laws of 1924, which purports to be a recodification of the school laws of the state. Under the conclusion which we have reached in this case, however, it will not be necessary to now decide whether the said chapter 198 has been repealed by this later act.

Counsel for the appellant seeks to uphold the validity of the order of the county school board in attempting to add the Macedonia school district to the Sturgis consolidated school district under and by virtue of the provisions of section 110, chapter 283, Laws of 1924 (section 8745, Hemingway's 1927 Code), which reads as follows:

"Territory adjacent to a consolidated school district may be added to said consolidated school district having an outstanding indebtedness under the following conditions, to-wit:

"A petition signed by a majority of the school patrons in the territory asking that the territory described therein be added to the consolidated school district and that said

territory assume its *pro-rata* share of the outstanding indebtedness of the consolidated school district, shall be filed with the board of supervisors who shall order an election in said territory submitting the question of whether the territory shall be added and assume its *pro-rata* share of the said indebtedness. If a majority of the qualified electors voting shall favor said question, the school board shall write an order adding said territory to said consolidated school district. The board of supervisors shall levy the same tax on the added territory as on the original district for the support and maintenance of said school and the liquidation of the indebtedness.''

It will be noted that this later section only provides for the addition of territory adjacent to a consolidated school district having an outstanding indebtedness and, to add territory to a consolidated school district under this section, it is required that a petition signed by a majority of the school patrons in the territory proposed to be added, offering to assume a *pro-rata* share of the outstanding indebtedness of the consolidated school district, shall be filed with the board of supervisors, and an election shall be held at which there is submitted to the qualified electors of the said territory the question of whether the territory shall be added, and shall assume its *pro-rata* share of the indebtedness. This is the only method provided by this section for adding territory to a consolidated school district, and, if it be conceded that it was not the intention of the legislature to require an election to be held in case territory is desired to be added to a consolidated school district having no outstanding indebtedness, then the authority for and method of adding such territory is not found in section 110 of chapter 283, Laws of 1924. In the case at bar no petition was filed with the board of supervisors, and no election was called or held in the territory proposed to be added to the district, and the order of the county school board at-

tempting to annex the Macedonia school district to the Sturgis consolidated school district cannot be upheld under or by virtue of any of the provisions of the said section 110. Counsel have referred us to, and we have found, no other provision of chapter 283, Laws of 1924, which authorizes the addition of territory to a consolidated school district which has no outstanding indebtedness. Section 108 of said chapter 283 provides for changes in the boundaries of a consolidated school district after it has levied a tax and been in operation one session, as was the case here, but, if the addition of large territory' could be construed to be a mere change in boundaries, which is doubtful and which we do not decide, the provisions of this section were not complied with in the case at bar.

Prior to the enactmet of chapter 283, Laws of 1924, the sole method provided for adding territory to any consolidated school district appeared in chapter 198, Laws of 1922, and, if the latter chapter was repealed by chapter 283, Laws of 1924, which we do not decide for the reason that no effort was here made to comply with the provision of said chapter 198, Laws of 1922, then there appears to be no method provided for adding territory to a consolidated school district which has no outstanding indebtedness. By chapter 124, Laws of 1928, the legislature provided that in counties having two judicial districts and having a population of fifty thousand inhabitants or more by the last preceding United States census, the county school board shall have authority in its discretion, upon the written approval of the trustees of the consolidated school district, to annex territory not already embraced in a consolidated school district to an adjacent consolidated school district, but this chapter has no application to the case at bar, and can have no application to a school located in Oktibbeha county. By chapter 43 of the Special Session held in November, 1928, the legis-

lature undertook to validate all proceedings theretofore taken by the board of supervisors of any county of the state, or the school board of any county or municipality of the state, in the creation of any consolidated school district or other school district, but this act can add nothing to the order involved in this case, for the reason that the Sturgis consolidated school district was created several years ago, and the order proposing to add certain territory to it was not the creation of the district. It follows from the views herein expressed that the judgment of the court below must be affirmed.

*Affirmed.*